Edna **OTTENDORFER**, Plaintiff Below, Appellant,

v.

**AETNA INSURANCE COMPANY**, a corporation of the State of Connecticut, and the Manhattan Fire & Marine Insurance Company, a corporation of the State of New York, Defendants Below, Appellees.

Supreme Court of Delaware.
June 7, 1967.

Richard Allen Paul, Wilmington, for appellant.

Rodman Ward, Jr., of Prickett, Ward, Burt & Sanders, Wilmington, for appellees.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice.

This is an appeal from the Superior Court's grant of summary judgment for the defendants. The appellant appeals, arguing that the grant of summary judgment was improper because there are unresolved issues of material fact. It is argued that these issues are whether or not a Newark, New Jersey insurance broker was an authorized agent of the two defendant insurance companies and, if so, whether or not his conduct gave rise to an estoppel or constituted a waiver with respect to a one-year limitation provision contained in both policies.

The record contains certain uncontroverted facts:

The appellant is the owner and operator of a gift shop in Rehoboth Beach, Delaware. For a number of years she had purchased insurance through a real estate agent in Rehoboth. That agent went out of business, and she went to her first cousin, Stacey Oberman, who operated an incorporated insurance business in Newark, New Jersey (hereafter Oberman). Oberman held a New Jersey license as insurance broker, and acted in differing capacities for various insurance-writing companies.

Oberman is a special agent for southern New Jersey for Aetna Insurance Company, one of the appellees, but is not and never has been agent, local or otherwise, for Manhattan Fire & Marine Insurance Company, the other appellee. Oberman, under the agency authorization from Aetna, was not authorized to accept risks for Aetna outside of New Jersey.

Since Oberman had no authority to write insurance in Delaware, the insurance covering appellant's gift shop was obtained through A. W. Marshall and Co., the Managing General Agent of Aetna in New Jersey. Ultimately, in January, 1962, a policy in Aetna in the amount of $9500, and a policy in Manhattan in the amount of $3500, were sent to Oberman. Oberman's stickers were affixed to the policies and they were sent to the appellant. The premiums were collected by Oberman and sent to A. W. Marshall and Co. The appellant testified she assumed Oberman was the agent for the two companies, but Oberman testified he was acting as the agent for the appellant.

In early March, 1962, a violent storm along the Atlantic Coast, lasting several days, completely destroyed the appellant's gift shop. She reported the loss to Oberman who made a loss report to A. W. Marshall and Co., and told the appellant to get in touch with the General Adjustment Bureau. This Bureau had opened a disaster office in Rehoboth Beach following the storm, and was acting as agent for both Aetna and Manhattan for the adjustment of storm losses. About sixty days after the storm, the General Adjustment Bureau informed the appellant that she had no insurance coverage for the loss claimed, and that the companies would pay nothing.

Each of the policies contained a provision that any suit brought upon the policy must be commenced within one year of the loss, a period of time lesser than the appropriate Delaware Statute of Limitations. The appellant had actual knowlege of the one-year limitation provision. She was advised in July, 1962 by the Delaware Insurance Commissioner that she should obtain legal advice concerning collection of her claim of loss under the policies. She did not do so, however, because she was busy upon other matters.

Finally, on March 8, 1965 she filed suit and was met with the defense that the one-year policy limitation effectively barred her action. The Superior Court so held and the appellant appeals.

There is no doubt but that a one-year period of limitation of suit contained in an insurance policy is reasonable and binding upon the insured. Murray v. Lititz Mutual Insurance Co., 5 Terry 447, 61 A.2d 409. The provision, therefore, is a complete bar to this action since it was commenced after the expiration of the period, unless the appellant can show that the companies have affirmatively waived the provision, or are estopped to raise the provision as a defense. Emory v. Glen Falls Insurance Co., 7 Penn. 101, 76 A. 230. If the insured relies upon estoppel in order to avoid the consequence of noncompliance with the condition, he must prove misleading conduct of the company and reliance upon that by him to his injury. Gribble v. Royal Insurance Co. Ltd., 3 Storey 109, 165 A.2d 443. As to waiver by the company of a policy condition, it is of course axiomatic that such a condition may be waived by the authorized acts and declarations of the company's agent. Emory v. Glen Falls Insurance Co., supra.

The appellant argues that Oberman was the agent of the two appellees, and that he repeatedly told her that the companies would pay her claim. She also states that Oberman assured her that despite the one-year limitation in the policies the proper period of limitation was three years in Delaware. Oberman denies these facts, but that denial, appellant argues, creates the issue of material fact which prevents the entry of summary judgment.

We have examined the record and are of the opinion, however, that there is no issue of material fact. There is no dispute at all concerning the scope of the agency of Oberman. With respect to Aetna, his agency was limited to southern New Jersey. There is no proof whatsoever that he was an agent of Manhattan. We think it clear that Oberman was the agent of neither company for the appellant's insurance.

Nor does the record disclose any act or conduct by the companies, themselves, which could reasonably have been interpreted by the appellant as creating Oberman their agent. Their sole act was the issuance of the policies through their general managing agent. This was not sufficient to create an agency in Oberman.

We think it plain that any act of Oberman which may have led the appellant to think it was the companies' agent, such as affixing the Oberman sticker to the policies, was the gratuitous act of Oberman and not of the companies.

It follows that the facts demonstrate that Oberman was acting as an insurance broker for the appellant. As such, he was her agent and not the agent of the companies.

As a matter of law, therefore, Oberman was not authorized to waive the one-year limitation period, or to create an estoppel.

The summary judgment below is affirmed.