**BETTY BROOKS, INC. and William F. Brooks, Plaintiffs Below, Appellants-Cross-Appellees.**

v.

**The INSURANCE PLACEMENT FACILITY OF DELAWARE, a partnership, Defendant Below, Appellee-Cross-Appellants.**

Supreme Court of Delaware.

Submitted: Oct. 20, 1982.

Decided: Feb. 2, 1983.

H. James Conaway (argued) and Craig Karsnitz of Young, Conaway, Stargatt & Taylor, Wilmington, for plaintiffs below, appellants.

Jeffrey Marlin (argued) of Tybout, Redfearn, Casarino & Pell, Wilmington, for defendant below, appellee.

Before HERRMANN, C.J., McNEILLY and HORSEY, JJ.

PER CURIAM:

This appeal and cross-appeal involves a claim by the plaintiffs, Betty Brooks, Inc. and William F. Brooks, to recover from The Insurance Placement Facility of Delaware (IPF), their insurance carrier, under a fire and extended coverage insurance policy for damages sustained to the roof of a building as a result of a windstorm. We first turn to the pertinent facts.

I

In June 1977, IPF issued fire and extended coverage insurance covering plaintiffs' property. The policy contained the following provision:

"Suit. No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss."

On January 26, 1978 while the coverage was in effect, the roof of plaintiffs' property was damaged by a windstorm. Prompt notice of the damage was given by plaintiffs to IPF and IPF authorized the making of temporary repairs at a cost of $1,854.34, which amount IPF agreed to pay minus the Fifty Dollar deductible.

On June 8, 1978 a representative of plaintiffs notified IPF's adjuster by letter that additional repairs to the entire roof in the amount of $8,027. were necessary. On June 22, 1978 IPF's adjuster informed plaintiffs in writing that IPF would not pay for repairing the entire roof in that the additional damage was, in his opinion, not caused by the windstorm and thus not covered by the terms of the policy. The letter also indicated that the estimated costs of these addi-

tional repairs was excessive. On July 18, 1978 the adjuster again wrote plaintiffs stating that the roof did not need to be replaced and that the additional repairs required by plaintiffs would not be covered since the damage was not the result of the windstorm. On October 24, 1978 IPF's adjuster once again asserted its position that the damage for which IPF was liable was $1,858.34 and requested plaintiffs to submit proof of loss in this amount.

On May 21, 1979 plaintiffs' counsel wrote the adjuster advising that the claim had been referred to them to handle. The letter set forth the claim of $8,027. and reviewed the entire relations between the parties. On August 6, 1979 IPF's adjuster informed plaintiffs that defendant would pay $1,858.34 and "that will be all." On January 30, 1980 suit was filed by the plaintiffs.

Following the filing of its answer IPF moved for summary judgment asserting the one year limitation policy contained in the policy. Plaintiffs opposed the motion and moved to supplement the record by taking the depositions of two affiants whose affidavits were submitted by IPF in support of their motion. Following the submission of briefs to the Superior Court on why plaintiffs found it necessary to depose the two affiants, the Superior Court issued a decision in which it (1) denied plaintiffs' motion to supplement the record, (2) granted defendant's motion for summary judgment and (3) ordered IPF to pay plaintiffs $1,808.34, subject to the filing of proof of loss, but not contingent upon that proof of loss containing a waiver of future claims.

## II

The crux of this appeal centers on the one-year limitations period contained in the policy and whether that provision is enforceable in the instant case.

■ While a one-year period of limitations contained within an insurance contract is reasonable and binding on the in-

sured, an insurer can be deemed to have waived the limitation or be estopped from asserting it. *Ottendorfer v. Aetna Insurance Company,* Del.Supr., 231 A.2d 263, 265 (1967); *Rumsey Electric Co. v. University of Delaware,* Del.Supr., 358 A.2d 712 (1976). Plaintiffs contend that IPF had an affirmative duty to inform plaintiffs of the one-year limitation, and its failure to do so is a breach of its implied covenant of good faith and fair dealing which constitutes a waiver on the part of IPF and estops it from asserting it. This contention is without merit.

■ At the present time in Delaware there is no duty on the part of an insurance carrier to inform its insured of the existence of a shortened statute of limitations' provision contained in a policy where the carrier has given no assurance that it would not rely upon the one-year limitation provision.[1] In that there is no duty on the part of the carrier to inform its insured of the provision, its silence cannot be construed as a waiver, nor can silence create an estoppel. *Bollinger v. National Fire Insurance Co. of Hartford,* Cal.Supr., 147 P.2d 611 (1944), hence when the facts are reviewed in a light most favorable to plaintiffs, as is required here in that disposition below was on summary judgment, *Hazewski v. Jackson,* Del.Super., 266 A.2d 885, 886 (1970), we find that IPF did not breach its implied covenant of good faith and fair dealing.

■ Plaintiffs next contend that even if IPF has not breached its implied covenant of good faith and fair dealing, waiver and estoppel should apply under the facts of the instant case. The basis for this argument is that while the parties were conducting negotiations concerning plaintiffs' claim, IPF failed to direct plaintiffs' attention to the fact that there was a limitation period in the policy and that its expiration was approaching. This argument is also without merit.

1. As of May 13, 1983 the carrier must give prompt and timely notice of the applicable stat-

ute of limitations regarding actions for damages. 18 *Del.C.* § 3915; 63 Del.Laws, c. 236.

In order for IPF to have waived the one-year limitation period, plaintiffs were required to show an affirmative waiver by IPF, or, in the alternative, misleading conduct by the defendant in reliance upon such conduct which caused the injury. *Ottendorfer,* 231 A.2d at 265. Waiver is an intentional relinquishment of a known right. *Gribble v. Royal Ins. Co.,* Del.Supr., 165 A.2d 443 (1960). For the doctrine of estoppel to apply in the instant case, it must be shown by plaintiffs that the action of IPF consisted of misleading conduct which was relied on by plaintiffs to their detriment. *Id.* When the facts are viewed in a light most favorable to plaintiffs we can find no facts which support the application of waiver or estoppel in this case.

On three different occasions in 1978, June 22, July 18 and October 24, IPF, through its adjuster, informed plaintiffs of its rejection of the claim with the exception of the initial claim for $1,858.54. At no time in these correspondence, which all took place at least three months before the limitation period ran, did IPF state or imply that they would not assert the limitations' period contained in the policy. Hence, IPF did not engage in any actions which would justify the application of either waiver or estoppel in the present case.

 Plaintiffs next contend that the suit was timely filed in that the limitation period did not begin to run until the final denial of the claim which occurred on August 6, 1979. IPF's response to this argument is that the date of loss, January 26, 1978 is the controlling date on which the statute begins to run. In that we have found that IPF clearly denied liability on three different dates in 1978, June 22, July 18 and October 24, any one of which would have triggered the running of the statute under plaintiffs' theory and would have resulted in the running of the limitation period prior to the filing of plaintiffs' suit, we do not consider it necessary to address this issue.

Plaintiffs' final argument is that the Trial Judge abused his discretion in failing to allow additional discovery. Having re-viewed the record we agree with the Trial Judge that the motion was properly denied because plaintiffs did not assert any justification for having delayed discovery in this subject area until after the briefing and argument were completed and did not assert that they had reason to believe the existence of facts not previously on the record.

### III

IPF's sole contention raised on cross-appeal is that the Trial Court abused its discretion by not requiring the plaintiff to sign a proof of loss form which included a waiver as to additional claims. In that it appears no future claims would be possible under the Trial Court's decision and our affirmance of it, we cannot say that the Trial Judge's action was an abuse of discretion.

For the above reasons the judgment of the Superior Court is

AFFIRMED.