THOMAS W. MURRAY v. LITITZ MUTUAL INSURANCE COMPANY, a corporation of the State of Delaware.

*(September* 10, 1948.)

LAYTON, J., sitting.

*Ernest V. Keith* for Plaintiff.

*Max Terry* for Defendant.

Superior Court for Kent County, No. 57, October Term, 1946.

LAYTON, J.:

█ I find no ambiguity in the language of the clause under consideration. In the plainest of terms it requires that all actions by insureds for losses occasioned by fire be commenced within twelve months of the date of the fire.

█ Moreover, the very great weight of authority in the country is to the effect that provisions in insurance policies requiring actions for loss to be instituted within a time less than the period of limitations prescribed by statute are valid if the period provided for in the policy is reasonable. See 29 Am. Jur. Insurance, Sec. 1392, and cases there cited. Compare *Emory v. Glens Falls Ins. Co.*, 7 *Penn.* 101, 76 *A.* 230; *Downs v. German Alliance Ins. Co.*, 6 *Penn.* 166, 67 *A.* 146. A one year period for the commencement of such actions has been held to be reasonable in numerous jurisdictions. In my opinion the provision in this policy requiring suit to be brought within one year from the date of the loss is valid and binding upon the Plaintiff.

 Nor is Defendant estopped from asserting its defense. Conceding that an insurance company may waive, or otherwise by its conduct, be estopped from asserting defenses based upon conditions contained in its policies, *Emory v. Glens Falls Ins. Co., supra,* this case presents no such circumstances. On September 22, 1944, three months subsequent to the fire, it offered to compromise Plaintiff's claim for his loss. Twelve days later Plaintiff wrote to Defendant refusing the offer and stating that it was his hope that the Defendant would immediately reconsider and allow a higher figure. Defendant never answered Plaintiff's letter of October 4, 1944, which may be considered in the nature of a counter-offer. The time within which Plaintiff was obliged to bring suit under the terms of the policy expired on June 22, 1945. Counter-offers are deemed to remain open for a reasonable time only. Having received no reply to his letter of October 4, 1944, for over eight and one-half months, Plaintiff could not be heard to say that he was misled into refraining from filing his action for the reason that negotiations for settlement were still in progress. *Gooden v. Amoskeag Fire Ins. Co.,* 20 *N. H.* 73; *Friedberg v. Insurance Co. of North America,* 257 *Mich.* 291, 241 *N. W.* 183; *Nott v. National Fire Ins. Co. of Hartford,* 150 *Misc.* 273, 268 *N. Y. S.* 65.

The motion to dismiss is accordingly granted.