**Mauro ALFIERI and Norma Alfieri,
his wife, Plaintiffs,**

**v.**

**MONAGHAN REAL ESTATE, INC., et al.,
Defendants.**

Superior Court of Delaware,
New Castle.

Nov. 5, 1971.

F. Edmund Lynch and William J. Alsentzer, Jr., of Bayard, Brill & Handelman, Wilmington, for plaintiffs.

F. Alton Tybout and Richard W. Pell, of Tybout, Redfearn & Schnee, Wilmington, for defendants.

OPINION

STOREY, Judge.

During the evening of May 17, 1968, a fire substantially damaged a building owned by plaintiffs at 812 South Heald Street, Wilmington. At the time of the fire, defendants Hartford Fire Insurance Company, (hereinafter called Hartford), and Commercial Union Insurance Company of New York, (hereinafter called Commercial), were insurers for said property under fire insurance contracts. Plaintiffs had purchased the contracts through a vice-president of Monaghan Real Estate, Inc., (hereinafter called Monaghan), an insurance brokerage firm. On several occasions immediately after, and within weeks after the fire, plaintiffs informed Monaghan of the fire loss, but were told by employees of Monaghan that their insurance had previously been cancelled and that their property on South Heald Street was not insured. Based on these representations, plaintiffs did not inform any of the defendants in writing about the loss and did not file proof of loss. Plaintiffs were, therefore, surprised when, in December, 1968, or January, 1969, they received a bill from Monaghan for fire insurance coverage of the

property in question. Thereafter, they made many requests to Monaghan and Donald Smith & Co., an agent for both Hartford and Commercial, for an inspection by a claims adjuster. An adjuster visited the fire scene in March, 1969. On April 23, 1969, plaintiffs were informed by Hartford that it declined liability. Plaintiffs have pleaded that Commercial also declined liability. In April or May, 1969, plaintiffs procured copies of their fire insurance policies from the mortgagee of the 812 South Heald Street property. On December 4, 1969, plaintiffs instituted the present suit. Defendant insurance companies are now before this Court on motions for summary judgment.

The defendants' motion for summary judgment is based upon: (1) plaintiffs' failure to inform Hartford and Commercial, or their agents, immediately of the fire loss, (2) plaintiffs' failure to render proof of loss within sixty days of the loss, and (3) plaintiffs' failure to bring suit on the contracts within twelve months after inception of the loss.

Although five depositions, answers to interrogatories and other documents have been submitted to this Court pursuant to Rule 56, Superior Court Rules of Civil Procedure, almost all the evidence contained therein relates to the actions taken by the parties prior to December, 1968. For the most part, those actions were presented to the Court to shed light on defendants' first and second contentions above. Without going into the factual details, this Court is convinced that were the question of summary judgment limited to those questions, plaintiffs would prevail.

Defendants' third contention, however, is well taken. Plaintiffs' failure to commence suit within one year is fatal.

Clearly, plaintiffs became aware of the existence of coverage for the fire in December, 1968, or January, 1969. This was four to five months prior to the anniversary date of the fire. Plaintiffs have offered no explanation for delaying the filing of suit seven months beyond the anniversary date. Their only explanation is the one urged as the reason for not filing proof of loss. They allege no fraud, deceit or misrepresentation by the defendants after they learned of the existence of coverage. In fact, plaintiffs admit procuring copies of their policies from the mortgagee in April or May, 1969. Where an insured attempts to escape the consequences of non-compliance with a policy condition, he must show misleading conduct by the insurer and reliance thereon by him to his injury. Gribble v. Royal Insurance Company, 3 Storey 109, 165 A.2d 443 (Del. Supreme 1960).

The contractual limitation of bringing suit on a fire insurance policy within one year has been found to be valid. Ottendorfer v. Aetna Insurance Company, 231 A.2d 263 (Del. Supreme 1967); Murray v. Lititz Mut. Ins. Co., 5 Del.Super. 447, 61 A.2d 409 (1948). The great weight of authority holds that policy provisions which require actions for loss to be instituted within a time less than the statutory period of limitations are valid and enforcible if the period prescribed in the policy is reasonable. Murray v. Lititz Mut. Ins. Co., *supra*. See also annotation at 6 A.L.R.3d 1209.

Since plaintiffs have not shown misleading conduct by any of the defendants for the period December, 1968, to May 17, 1969, and beyond, summary judgment must be granted.

It is so ordered.