**Mary M. MITCHELL, Plaintiff Below, Appellant,**

v.

**E. I. duPONT deNEMOURS & CO., a corporation of the State of Delaware, Defendant Below, Appellee.**

Supreme Court of Delaware.

June 19, 1973.

4. This case demonstrates again the urgent need for a Delaware Administrative Procedures Act.

Roy S. Shiels, of Brown, Shiels & Barros, Dover, for plaintiff below, appellant.

Andrew B. Kirkpatrick, Jr., and Walter L. Pepperman, II, of Morris, Nichols, Arsht & Tunnell, Wilmington, for defendant below, appellee.

Before WOLCOTT, C. J., and CAREY and HERRMANN, JJ.

PER CURIAM:

This appeal arises from a claim by an employee for benefits under a non-occupational Disability Wage Plan. The Superior Court ruled that the claim was barred by 10 Del.C. § 8110, * a one-year Statute of Limitations barring claims arising out of "work, labor or personal services performed." The employee appeals.

The Disability Wage Plan provided for full wages during disability resulting from non-occupational illness or injury for a maximum period of six months. The only eligibility requirement for participation in the Plan was "at least one year of continuous service" with the employer. The employee fulfilled that eligibility requirement.

■ This Disability Wage Plan, in our opinion, was a "fringe benefit" which accrued to the employee by reason of tenure for a period of one year. As such, it conferred "benefits arising from * * * work, labor or personal services performed", within the language of § 8110.

The employee relies upon Goldman v. Braunstein's, Inc., Del.Supr., 240 A.2d 577 (1968). That case is inapplicable because the claim there did not arise from "services performed"; it was based upon an alleged wrongful termination of the employment contract.

■ The employee also relies upon Layton v. Allen, Del.Supr., 246 A.2d 794 (1968) to extricate her from the one-year limitation period. That case is inapposite. In the instant case, the employee began to suffer severe headaches, such as to render her normal working conditions impossible, in February 1970. Until August 1971, based upon medical advice, the employee believed her condition to be work-connected. In August 1971, the employee first consulted another physician who diagnosed a non-occupational inner ear condition. The employee's suit was commenced on August 3, 1972. The Layton case, on the other hand, turned on the fact that the first onset of pain occurred within the limitation period and that reasonable care and diligence would not have led to discovery of the cause prior to that date. The distinguishing factors are obvious.

Accordingly, we agree with the Superior Court's conclusion that the employee's claim is barred by the one-year Statute of Limitations.

Affirmed.

---

* 10 Del.C. § 8110 provides:
  " § 8110. Work, labor or personal services
  "No action for recovery upon a claim for wages, salary, or overtime for work, labor or personal services performed, or for damages (actual, compensatory or punitive, liquidated or otherwise), or for interest or penalties resulting from the failure to pay any such claim, or for any other benefits arising from such work, labor or personal services performed or in connection with any such action, shall be brought after the expiration of 1 year from the accruing of the cause of action on which such action is based."