### James T. SHAW, Plaintiff,

v.

### AETNA LIFE INSURANCE COMPANY, a corporation of the State of Connecticut, authorized to transact insurance in the State of Delaware, Defendant.

Superior Court of Delaware, Kent County.

Submitted Oct. 16, 1978.

Decided Nov. 6, 1978.

Max S. Bell, Jr., Roderick R. McKelvie and James McC. Geddes, of Richards, Layton & Finger, Wilmington, for defendant.

Glenn E. Hitchens, of Morris, James, Hitchens & Williams, Dover, for plaintiff.

## OPINION

TEASE, Judge.

The plaintiff was employed by Chrysler Corporation at the time he allegedly suffered an accident and was eligible for coverage under Chrysler's Voluntary Group Accident Insurance Policy, which provided disability benefits funded by the defendant, Aetna.

The plaintiff claims to have been injured at the Plant on January 24, 1974, which injury resulted in a permanent and total disability.

The policy involved herein requires that written proof of loss be filed within 90 days of the injury and plaintiff notified Chrysler that he wished to file a claim on June 10, 1975. On January 6, 1976, plaintiff was formally notified that his claim was denied and he filed this action on January 17, 1977.

Section 6 of Article VI of the policy provides for a three year statute of limitations which begins to run on the date that written notice of loss is required.

The defendant moves for summary judgment on the basis that the claim is barred by the applicable statute of limitations and for plaintiff's failure to provide timely proof of injury as required by the insurance contract.

The plaintiff argues that the three-year contractual limitation in the policy applies and the defendant contends that a shorter statutory limitation applies, either 10 *Del.C.* § 8111[1] or 10 *Del.C.* § 8119[2], and this is the threshold question before the Court.

The Delaware decisions follow the general principle that contractual limitation of actions periods are valid if they are reasonable. 20 *Appleman, Insurance Law and Practice*, § 11601; *Murray v. Lititz Mutual Insurance Co.*, Del.Super., 61 A.2d 409 (1948). In *Lititz*, the Court enunciated the Rule as follows:

"... the very great weight of authority in the country is to the effect that provisions in insurance policies requiring actions for loss to be *instituted within a time less than the period of limitations prescribed by statute* are valid if the period provided for in the policy is reasonable." (Emphasis added).

█ It is particularly significant that the court in *Murray* (and the cases in harmony with the rule of law set out therein[3]) held that a contractual period shorter than the statutory period is valid if reasonable. This rule of law obviously does not violate the public policy reasons underlying statutes of

limitation. In *Keller v. President, Directors, and Company, etc.*, Del.Super., 24 A.2d 539 (1942) Judge Rodney set out the underlying public policy rationale by quoting from *Boston v. Bradley's Executor*, 4 Har. 524, 526 (1901) as follows:

"... statutes of limitation are founded in wisdom and sound policy. They have been termed statutes of repose, and are regarded as highly beneficial. They proceed on the principle, that it is to the interest of the public to discourage the litigation of old or stale demands; and are designed ... to afford a security against the prosecution of the claims where, from lapse of time, the circumstances showing the true nature or state of the transaction, may have been forgotten; or may be incapable of explanation by reason of the uncertainty of human testimony, the death or removal of witnesses, or the loss of receipts, vouchers, or other papers."

█ Therefore, an express provision in a contract which *abbreviates* the time for filing a claim, so long as it remains a reasonable time, hastens the enforcement and complements the policy behind the statute of limitations as set out above. 1A *Corbin on Contracts* § 218 (1963); 20 *Appleman, Insurance Law and Practice* § 11601.

█ Conversely, a contractual period of limitations which attempts to lengthen or extend the period otherwise contained in a statute[4] violates the aforesaid public poli-

---

1. 10 *Del.C.* § 8111 reads as follows: No action for recovery upon a claim for wages, salary, or overtime for work, labor or personal services performed, or for damages (actual, compensatory or punitive, liquidated or otherwise), or for interest or penalties resulting from the failure to pay any such claim, or for any other benefits arising from such work, labor or personal services performed or in connection with any such action, shall be brought after the expiration of one year from the accruing of the cause of action on which such action is based.

2. 10 *Del.C.* § 8119 reads as follows: No action for the recovery of damages upon a claim for alleged personal injuries shall be brought after the expiration of 2 years from the date upon which it is claimed that such alleged injuries were sustained; subject, however, to the provisions of § 8127 of this title.

3. Decisions in accord are as follows: *Downs v. German Alliance Ins. Co.*, Del.Super., 67 A. 146 (1906); *Emory v. Glens Falls Ins. Co.*, Del.Super., 76 A. 230 (1908); *Ottendorfer v. Aetna Insurance Co.*, Del.Super., 231 A.2d 263 (1967); *Alfieri v. Monaghan Real Estate, Inc.*, Del.Super., 283 A.2d 685 (1971); *Rumsey Electric Co. v. University of Delaware*, Del.Super., 334 A.2d 226 (1975); *Brandywine One Hundred Corp. v. Hartford Fire Ins. Co.*, 405 F.Supp. 147, D.Del. (1975).

4. The statutes in question, 10 *Del.C.* § 8111 and 10 *Del.C.* § 8119, are 1 year and 2 year limitation periods respectively. The 3 year contractual period would therefore be an extension of any applicable statutory period.

cy interests set out by Judge Rodney in *Keller*, supra. Two parties contracting between themselves cannot agree to circumvent the law as mandated by the legislature in its attempt to protect the public interests. Indeed, the legislature of this State has incorporated this rule of law into 6 *Del.C.* § 2–725(1), which states that parties to sales contracts may shorten the limitation period to not less than one year but they may not extend it. The rationale behind the rule and statute is equally applicable to the contract herein; therefore, the contractural extension is invalid. 1A *Corbin on Contracts*, § 218.

Finally the Court must resolve the issue as to which statute of limitations is applicable. The defendant argues for the limitation in 10 *Del.C.* § 8111 on the basis that the claim under the policy arises out of the employer-employee relationship and is, therefore, a benefit of that relationship covered by the aforesaid statute, citing *Mitchell v. E. I. duPont de Nemours & Co.*, Del. Supr., 310 A.2d 641 (1973).

That contention of the defendant is without merit.

■ However, the two year limitation period embodied in 10 *Del.C.* § 8119 is the appropriate and applicable statute. That section provides a two year limitation period for "[any] action for the recovery of damages upon a claim for alleged personal injuries." It is well established that this section covers all actions which arise out of a claim for personal injuries whether that claim originates from contract or from tort. *Patterson v. Vincent*, Del.Super., 61 A.2d 416 (1948). This action is based upon the alleged personal injuries to the plaintiff and the monetary relief provided by the policy for the resulting disability. Therefore, the two-year statute of limitations is applicable to the facts of this case. *Nationwide Insurance Co. v. Rothermel*, Del.Supr., 385 A.2d 691, decided March 21, 1978.

■ The period of limitations set out in § 8119 began to run at the time the injury was sustained. *Layton v. Allen*, Del.Supr., 246 A.2d 794 (1968). Since the plaintiff's alleged injury was sustained on January 24, 1974 and this action was not filed until January 17, 1977, it is barred by the limitation of actions set out in § 8119.

For reasons which are apparent, it is not necessary to reach the defendant's argument concerning inadequate proof of the injury and resulting disability.

The defendant's motion for summary judgment must be, and it is hereby, granted.