**Larry A. RICH, Plaintiff,**

**v.**

**ZENECA, INC., a Delaware corporation, Defendant.**

**Civ. A. No. 92–587–RRM.**

United States District Court, D. Delaware.

Feb. 8, 1994.

Beverly L. Bove and John X. Denney, Jr., Tomar, Simonoff, Adourian & O'Brien, Wilmington, DE, for plaintiff.

Sheldon N. Sandler, Timothy J. Snyder and Omar Y. McNeil, Young, Conaway, Stargatt & Taylor, Wilmington, DE, for defendant.

OPINION

McKELVIE, District Judge.

In this employment case, Larry A. Rich contends ZENECA, INC. wrongfully terminated his employment to prevent him from becoming eligible to receive early retirement benefits. He alleges ZENECA has breached duties owed to him under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq., and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq. He seeks reinstatement, and compensatory and punitive damages. In its answer to Rich's complaint, ZENECA has denied liability and asserted certain affirmative defenses, including that Rich's ERISA claim is barred by the relevant statute of limitations, and that his ADEA claim is barred by 29 U.S.C. § 626(e). ZENECA has moved for summary judgment on these defenses. This is the Court's decision on that motion.

*FACTS*

Between September, 1990, and December, 1990, ICI AMERICAS, INC. (now ZENECA, INC.) offered a voluntary early retirement program to employees in its corporate engineering group. To be eligible under the program, an employee had to be at least fifty years of age and had to have worked a specified number of years for ZENECA.

At the time ZENECA offered the early retirement program, Rich was employed as a senior structural civil engineer. He was 48 years old and had over 23 years of service, having begun work with the corporation in June of 1967. As he was not fifty years of age in the fall of 1990, Rich was not eligible to participate in the early retirement program.

ZENECA terminated Rich's employment on February 1, 1991. ZENECA provided Rich with a discharge compensation package that included two weeks pay for every year of service, six weeks pay for lack of notice, and seven weeks as vacation pay, totalling 61 weeks pay.

Rich filed an employment discrimination charge dated May 21, 1991, against ZENECA with the Equal Employment Opportunity Commission ("EEOC"), alleging:

I. I was told by E. Propp, general manager, on February 1, 1991, that I was terminated from my position as Sr. Structural/Civil Engineer effective immediately.

II. The reason given by Mr. Propp was lack of work.

III. I believe I have been discriminated against on the basis of my age (48) because:

1. out of 130 persons in my department, approximately half are over 40 years of age;

2. out of those over 40 years of age, 39 were eligible for early retirement, 27 took that option and 7 were laid off;

3. the 7 persons laid off were all over 40 years of age, and all had 10 or more years of service;

4. the youngest person in the department to be laid off was Jeff Ball, who was about 43 years old;

5. I believe persons 40 years and over have been disproportionately affected by this lay off.

A copy of the Charge is included in the defendant's Appendix, Docket Item 28 ("D.I.") at A-1.

On March 31, 1992, the District Director of the EEOC issued his determination, finding that the evidence obtained during his investigation did not establish a violation of the ADEA. In the determination, the Director reported:

A lawsuit under the Age Discrimination in Employment Act ordinarily must be filed within 2 years of the date of discrimination alleged in the charge. On November 21,

1991, the ADEA was amended to eliminate this 2–year limit. An ADEA lawsuit may now be filed any time from 60 days after a charge is filed until 90 days after receipt of notice that EEOC has completed action on the charge. Because it is not clear whether this amendment applies to instances of alleged discrimination occurring before November 21, 1991, if Charging Party decides to sue, a lawsuit should be brought **within 2 years of the date of alleged discrimination and within 90 days of receipt of this letter,** *whichever is earlier,* in order to assure the right to sue. [emphasis in original]

A copy of the Determination is at D.I. 28, page A–2.

Rich has testified that he received the Determination at the end of May, 1992. *See* page 87 of the transcript of his February 15, 1993, deposition (D.I. 28 at A–7).

He filed the initial complaint in this matter in the Delaware Superior Court on September 14, 1992, approximately 100 days after he received the EEOC determination and approximately 19 months after he was terminated. D.I. 1 at tab 1. In that initial complaint, Rich alleged ZENECA had breached its contractual duties of good faith and fair dealing by wrongfully discharging him for the purpose of depriving him of his pension. ZENECA removed the case to this Court contending that the plaintiff's claim arises under ERISA and that the Court has exclusive jurisdiction over ERISA claims. Rich has not opposed the removal.

On February 26, 1993, pursuant to a stipulation entered into by the parties, Rich filed an Amended Complaint adding a claim for wrongful age discrimination, alleging that ZENECA had terminated him in an attempt to rid itself of an older, more highly compensated employee in breach of its' duties under the ADEA. D.I. 17.

ZENECA has moved for summary judgment on Rich's ERISA claim, contending it is barred by Delaware's one year statute of limitations for recovery for claims for work, labor or personal services, 10 *Del. C.* § 8111. It has also moved for a summary judgment on Rich's ADEA claim, contending it is barred by his failure to identify it in the charge he filed with the EEOC, it is barred by the 90 day limitation period established by the Civil Rights Act of 1991, and it is barred as Rich has failed to allege a claim based on age discrimination in that he contends he was wrongfully terminated because he was too young, rather than too old.

*DISCUSSION*

I. *Is the Plaintiff's ERISA claim barred by Delaware's one year statute of limitations?*

It appears the parties agree that to the extent the plaintiff has stated a claim for relief under ERISA, it is for wrongful discharge for the purpose of interfering with his attainment of rights under a plan, in violation of 29 U.S.C. § 1140. The parties also agree that as ERISA does not provide a statute of limitations for claims under 29 U.S.C. § 1140, the Court should borrow the local time limitation most analogous to the case at hand. *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilberston,* 501 U.S. 350, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991). It is at this point that the parties disagree.

Rich contends that his claim falls under Delaware's general three year statute of limitations, 10 *Del.C.* § 8106. It reads:

**§ 8106. Actions subject to 3 year limitation.**

No action to recover damages for trespass, no action to regain possession of personal chattels, no action to recover damages for the detention of personal chattels, no action to recover a debt not evidenced by a record or by an instrument under seal, no action based on a detailed statement of the mutual demands in the nature of debit and credit between parties arising out of contractual or fiduciary relations, no action based on a promise, no action based on a statute, and no action to recover damages caused by an injury unaccompanied with force or resulting indirectly from the act of the defendant shall be brought after the expiration of 3 years from the accruing of the cause of such action; subject, however, to the provisions of §§ 8108–8110, 8119 and 8127 of this title.

ZENECA contends Rich's claim falls under Delaware's one year statute of limitations for wage claims, 10 *Del.C.* § 8111. It reads:

§ 8111. **Work, labor or personal services.**

No action for recovery upon a claim for wages, salary, or overtime for work, labor or personal services performed, or for damages (actual, compensatory or punitive, liquidated or otherwise), or for interest or penalties resulting from the failure to pay any such claim, or for any other benefits arising from such work, labor or personal services performed or in connection with any such action, shall be brought after the expiration of one year from the accruing of the cause of action on which such action is based.

In support of its position, ZENECA argues that Rich's claim is most analogous to a claim under the Delaware Wage Payment and Collection Act ("WPCA"), which governs the payment of "benefits" to employees. The WPCA declares that "'benefits' ... means compensation for employment other than wages, including ... *retirement benefits....*" 19 *Del.C.* § 1109(b) (emphasis added), and that the statute of limitations for suits under the WPCA is the one year period in 10 *Del.C.* § 8111.

As a starting point for an analysis of the case law it looks to in support of this proposition, ZENECA begins with a fairly broad statement by Judge Leahy in *Sorensen v. Overland Corp.*, 142 F.Supp. 354, 360 (D.Del. 1956), *aff'd* 242 F.2d 70 (3d Cir.1957):

The one year statute has a comprehensive sweep. It was intended to bar all claims arising out of the employer-employee relationship. The Act bars claims for "wages", "salary", and it likewise applies to "overtime" and to any other "benefits" arising from the corporate-officer employment relationship. The word "benefits" is embracing and covers all advantages growing out of the employment.

ZENECA cites a series of decisions where Delaware courts have applied the one year statute to claims for employment related benefits. *See, e.g., Mitchell v. E.I. duPont deNemours & Co.*, 310 A.2d 641 (Del. Supr.1973) (affirming a Superior Court decision finding a claim for disability benefits barred by the one year statute of limitations); *Vinson v. University of Delaware*, Del.Supr., C.A. No. 430, 1989, 1990 WL 72601, Moore, J. (April 18, 1990) (affirming a Superior Court decision finding a claim to recalculate and increase compensation under a pension plan is barred by the one year statute of limitations); *Turner v. Diamond Shamrock Chemical Co.*, Del.Super., C.A. No. 85C–DE–130, 1987 WL 17175, Duffy, J. (sitting by designation) (May 27, 1987, and September 14, 1987) (finding claims for separation pay are subject to the one year statute, but that because of a failure by the employer to publish notice of the employees' rights the cause of action did not accrue until at least 13 months after employment was terminated).

There is, however, another line of cases that finds actions arising out of the employer-employee relationship may be subject to the three year statute of limitations in 10 *Del.C.* § 8106. For example, in *Goldman v. Braunstein's Inc.*, 240 A.2d 577 (Del. Supr.1968), Goldman had entered into a one year employment agreement to manage the defendant's store. The agreement provided for an annual salary and a yearly bonus. The parties entered into the agreement in June of 1963. Braunstein's discharged Goldman on January 2, 1964. On January 5, 1965, Goldman brought an action for damages for future services not performed, charging that he was wrongfully discharged. The Superior Court granted the defendant's motion for summary judgment, finding that Goldman's claim was barred by the one year statute of limitations in 10 *Del.C.* § 8111 (then 10 *Del.C.* § 8110). On appeal, the Delaware Supreme Court reversed. The court found that Act is limited to claims for services performed and that Goldman was not suing for salary and bonus, but for wrongful termination of the contract and the damages therefore, which may equal the salary and bonus never paid. As Goldman's claim was for breach of contract, the Delaware Supreme Court found his claim was not barred as it was subject to the three year statute of limitations in 10 *Del.C.* § 8106. *See also Brown v. Colonial Chevrolet Co.*, 249 A.2d

439 (Del.Super.1968) (finding that the plaintiff's claim for an unpaid bonus was subject to the three year statute of limitations in 10 *Del.C.* § 8106 as the plaintiff's claim was for breach of a promise to pay what would have been earned had the employment continued rather than for something already earned); *Henze v. Alloy Surfaces Co., Inc.,* 91C–06–20, Del.Super., Bifferato, J., 1992 WL 51861, (March 16, 1992), 1992 Del.Super. LEXIS 553 (denying defendant's motion to dismiss the plaintiff's action for damages for wrongful discharge, as the court found the plaintiff's claim subject to the three year statute of limitations in 10 *Del.C.* § 8106).

■ These cases suggest that 10 *Del.C.* § 8111 and its one year statute of limitations for wage, salary and benefit claims should not be read as being so comprehensive as to bar all claims arising out of the employer-employee relationship. Rather 10 *Del.C.* § 8111 is directed to claims alleging a breach of a duty to pay wages, salary or overtime for work performed. Where, as here, a plaintiff alleges that a defendant has breached a different duty arising out of the employer-employee relationship, another statute of limitations may apply to the plaintiff's claim.

In this case, the plaintiff has alleged a claim for wrongful discharge. He contends ZENECA breached its duty to act in good faith and deal fairly with him. It also appears that he alleges ZENECA breached its duty under 29 U.S.C. § 1140 not to wrongfully interfere with his attainment of pension and employment benefits. These claims appear to be most analogous to the claims for wrongful termination asserted in *Goldman* and *Brown.* Therefore, Rich's claims are subject to the three year statute of limitations in 10 *Del.C.* § 8106, which applies to actions arising out of contractual relations and for breach of a promise. As the plaintiff filed this action within three years from the date of his termination, the Court will deny the defendant's motion for summary judgment with regard to these claims.

II. *Is the Plaintiff's ADEA claim barred by 29 U.S.C. § 626(e)?*

■ ZENECA terminated Rich in February of 1991. At that time, the ADEA provided that Rich could not commence a civil action until 60 days after he had filed a charge of age discrimination with the EEOC and that his claims for wilful discharge would be barred if he did not file the action within three years after the date of his termination. 29 U.S.C. § 255(a) and § 626(e) (1988).

Rich filed an age discrimination charge dated May 21, 1991, against ZENECA with the EEOC. While that charge was pending, Congress passed the Civil Rights Act of 1991, Pub.L. 102–166, 105 Stat. 1079 (1991). That Act amended § 626(e) to read:

> If a charge filed with the Commission under this Act is dismissed or the proceedings of the Commission are otherwise terminated by the Commission, the Commission shall notify the person aggrieved. A civil action may be brought under this section by a person defined in section 11(a) against the respondent named in the charge within 90 days after the date of the receipt of such notice.

The District Director of the EEOC notified Rich of this amendment when he wrote to Rich on March 31, 1992, and reported to him that the EEOC had determined that the evidence obtained during the investigation did not establish a violation. Rich did not, however, file a civil action within 90 days from the day he received the Director's letter. ZENECA has moved for a summary judgment on Rich's age discrimination claim on the ground that Rich failed to file the complaint in the time provided by § 626(e) as amended.

Congress did not set out in the Civil Rights Act of 1991 whether or not the revised limitations provision in § 626(e) should apply to claims that arose before the law was enacted. However, as long as a reasonable time remains for the commencement of an action, there is no reason in the law why Congress could not have shortened the limitation period for filing civil actions based on claims that had arisen under the Act. *Ochoa v. Hernandez Y. Morales,* 230 U.S. 139, 33 S.Ct. 1033, 57 L.Ed. 1427 (1913). *See generally,* Limitations of Actions, 51 Am.Jur.2d § 38. The plaintiff in this case had a reasonable period of time in which to bring the

action and has failed to identify any reason why this amendment should not apply to bar his claim. This and other courts have found the amendment should be applied to claims that had arisen prior to the effective date of the Act. *See e.g., Smith v. Zeneca Inc.,* 820 F.Supp. 831 (D.Del.1993); *McConnell v. Thomson Newspapers, Inc.,* 802 F.Supp. 1484 (E.D.Tex.1992). For these reasons, the Court finds § 626(e) as amended by the 1991 Civil Rights Act applies to the plaintiff's claim and that his failure to file this civil action within 90 days from the date he received EEOC's March 31, 1992, notice bars this action. The Court will, therefore, grant ZENECA's motion for summary judgment on the plaintiff's ADEA claim.

With the Court's decision on the applicability of § 626(e), it is not necessary to decide ZENECA's motion to dismiss Rich's age discrimination claim for failure to state a claim or ZENECA's motion for a summary judgment on the ground that Rich's age discrimination claim as set out in the amended complaint is barred by his failure to articulate that claim in the charge he filed with the EEOC.