OPINION OF THE COURT
ALITO, Circuit Judge:
Sajid Syed (“Syed”) injured his back in January 1992, while working as a chemical operator for Hercules, Inc. (“Hercules”). Syed brought this action under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), alleging that Hercules denied him disability benefits owed under the company’s employee benefits plan. In addition to damages, Syed requested the imposition of sanctions against Hercules for failure to provide him with the plan document pursuant to a written request, as required by ERISA § 502(c), 29 U.S.C. § 1132(c). He also sought redress for Hercules’s failure to give him adequate written notice of the reasons for the denial of his claim, as required by ERISA § 503, 29 U.S.C. § 1133. Syed appeals the District Court’s grant of summary judgment in favor of Hercules on all counts. We affirm.
Hercules discharged Syed on March 4, 1992, effective March 31, 1992, as part of a reduction in force. Following his termination, Syed submitted a claim for long-term disability benefits under the Hercules Incorporated Income Protection Plan (the “Plan”). His claim was approved on June 18, 1993, and Syed began receiving benefits retroactive to April 1,1992.
Benefits are payable under the Plan when a worker becomes totally disabled and remains disabled for six consecutive months.[1] See App. at B21. Because Syed was under 62 when he started receiving benefits, he was eligible to receive benefits for as long as he remained totally disabled, up to age 65. See id. at B22. The Plan provides two definitions of total disability, one that applies for the first 24 months after the “elimination period” and another that applies thereafter. The Plan states:
During the elimination period, normally 6 months, and the first 24 months of benefit payments, you are considered totally disabled if you are not able to perform your job. You must not engage in any work for wages or profit during this time.
After receiving 24 monthly payments, you are considered totally disabled for as long as you are not able to engage in any employment for wage or profit for which you are reasonably qualified by training, education, or experience.
App. at B24.
After paying benefits to Syed for almost two years, Provident Life and Accident Insurance Co. (“Provident”), the Claims Fiduciary under the Plan, asked Syed to undergo an independent medical evaluation in February 1994 to determine if he was totally disabled under the latter definition. Dr. Joson, who performed the examination in March 1994, reported that Syed could not do heavy work, but that he could do “sedentary to light” work. App. at A4. Because Syed would no longer qualify for benefits after the 24-month period lapsed, Provident notified Syed • that his benefits would be terminated as of March 31,1994. See id. at A6-7.
Syed appealed the decision to terminate his disability benefits to Provident’s ERISA Committee, which upheld its previous decision. See App. at A19-20. Syed renewed his appeal to the ERISA Committee on July 27 and October 28, 1994, each time including updated medical reports. The ERISA Committee sent its final denial of benefits to Syed by letter dated November 9, 1994. On February 24, 1995, Syed requested a copy of the plan document that was effective as of the date he began receiving benefits. Hercules sent *158 him a document entitled “Summary Plan Description” (SPD). App. at B15-32.
Syed filed suit on February 6,1996 — one year and eleven months after the initial denial of benefits on March 31, 1994, and one year and three months after the final letter from Provident dated November 9, 1994. Shortly thereafter, he filed a motion for summary judgment seeking recovery of benefits under ERISA § 502(a)(1)(B), sanctions under § 502(c) for failure to produce the Plan document in response to a written request, and a remedy under § 503 for failure to provide written notice of the reasons for termination of benefits. Hercules made a cross-motion for summary judgment, claiming that Syed owed money for overpayments made under the Plan.
The District Court denied Syed’s motion. As the Plan gave the Claims Fiduciary the exclusive, discretion to deny claims for benefits, the District Court reviewed Syed’s § 502(a)(1)(B) claim under the abuse of discretion standard in accordance with Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989); see also Abnathya v. Hoffmann-La Roche, Inc., 2 F.3d 40, 45 (3d Cir.1993). After reviewing the medical evidence, the District Court found that there was a genuine issue as to whether Provident acted arbitrarily and capriciously in terminating Syed’s medical benefits. Nonetheless, after borrowing Delaware’s one-year statute of limitations applicable to claims for “other benefits arising from ... work, labor or personal services performed,” 10 Del. C. § 8111, the Court granted summary judgment for Hercules on this claim.
Next, the Court dismissed Syed’s § 502(c) claim. ERISA § 502(c) provides that an administrator must comply with a request for information by a plan participant and imposes personal liability for failure to do so. Syed contended that Hercules improperly sent him the SPD, rather than the Insurance Policy, see App. at B60, in response to his request. However, the Court held that the SPD was the operative plan document for the relevant time period and therefore granted summary judgment in favor of Hercules on this count. Likewise, the Court refused to remand Syed’s case to the plan administrator for an out-of-time administrative appeal for the alleged violation of ERISA § 503, because Hercules’s March 31 letter adequately set forth the reasons for denying Syed’s benefits.
Syed makes four arguments on appeal. First, he contends that his ERISA claim for employee benefits should be governed by Delaware’s three-year statute of limitations for contract actions, not the one-year statute for claims arising out of work, labor, or personal services performed. Second, he maintains that Hercules, as Plan Administrator, should be subject to sanctions for failing to provide proper disclosure as required by ERISA § 502(c). Third, Syed argues that Hercules violated ERISA § 503 both by failing to provide specific reasons for the denial of his claim and by neglecting to name any additional material or information that would have helped him perfect his claim. Finally, Syed asserts that the District Court should have exercised plenary review over the Claims Fiduciary’s decision to deny his benefits, rather than reviewing for an abuse of discretion, as the Plan did not grant discretion to the Claims Fiduciary to make a disability determination. Because we hold that Delaware’s one-year statute of limitations governs this action, we affirm the District Court’s grant of summary judgment on Syed’s § 502(a)(1)(B) claim without deciding whether Provident’s decision to deny Syed’s benefits was arbitrary and capricious. We likewise affirm the District Court’s dismissal of Syed’s claims under ERISA §§ 502(c) and 503.

ERISA § 502(a)(1)(B): Statute of Limitations

The chief issue in this appeal concerns the statute of limitations that is applicable to Syed’s claim for benefits under *159 ERISA § 502(a)(1)(B).[2] Unfortunately, ERISA does not provide a statute of limitations for suits brought under § 502(a)(1)(B) to recover benefits, and the new, general federal statute of limitations set out in 28 U.S.C. § 1658 does not apply in this situation.[3] Under these circumstances, courts generally turn to the most analogous state statute of limitations. See DelCostello v. International Bhd. of Teamsters, 462 U.S. 151, 158-60, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). Although this Circuit has not decided which state statute of limitations is applicable to ERISA § 502(a)(1)(B),[4] every other circuit to address the issue has applied the statute of limitations for a state contract action. See Harrison v. Digital Health Plan, 183 F.3d 1235, 1239-40 (11th Cir.1999); Daill v. Sheet Metal Workers’ Local 73 Pension Fund, 100 F.3d 62, 65 (7th Cir.1996); Adamson v. Armco, 44 F.3d 650, 652 (8th Cir.1995); Hogan v. Kraft Foods, 969 F.2d 142, 145 (5th Cir.1992); Meade v. Pension Appeals & Review Comm., 966 F.2d 190, 195 (6th Cir.1992); Held v. Manufacturers Hanover Leasing Corp., 912 F.2d 1197, 1207 (10th Cir.1990); Pierce County Hotel Employees & Restaurant Employees Health Trust v. Elks Lodge, 827 F.2d 1324, 1328 (9th Cir.1987); Dameron v. Sinai Hosp., 815 F.2d 975, 981 (4th Cir.1987). Because Delaware, in essence, has two statutes of limitation for contract disputes, however, we must determine which is more appropriate.
Delaware Code § 8106 establishes a three-year statute of limitations for general actions on a promise. See Goldman v. Braunstein’s, Inc., 240 A.2d 577, 578 (Del. 1968). Section 8106 provides:
No action to recover damages for trespass, no action to regain possession of personal chattels, ... no action based on a promise, ... shall be brought after the expiration of 3 years from the accruing of the cause of such action.
DelCode Ann. tit. 10, § 8106 (emphasis added). Delaware also has a more specific statute of limitations covering employment disputes, § 8111, which provides:
No action for recovery upon a claim of wages, salary, or overtime for work, labor or personal services performed, ... or for any other benefits arising from such work, labor or personal services performed ... shall be brought after the expiration of one year from the accruing of the cause of action on which such action is based.
DelCode Ann. tit. 10, § 8111 (emphasis added). In this case, the District Court applied § 8111, relying on Mitchell v. E.I. Dupont Denemours & Co., 310 A.2d 641, 642 (Del.1973).
In Mitchell, the Delaware Supreme Court applied § 8110 (now § 8111) to a claim challenging the denial of benefits under a disability wage plan. See Mitchell, 310 A.2d at 642. The Court reasoned that the plan at issue was a “benefit” arising from work, labor, or services performed within the meaning of the statute because eligibility for the plan accrued from tenure on the job. See id. Although the District Court in the present case mistakenly referred to Mitchell as an ERISA case (Mitchell was decided in 1973 and ERISA was not effective until 1974), the application of § 8111’s predecessor in the pre-ERISA context is strong evidence of its close relationship to the ERISA claim *160 that Syed asserts. See also Sorensen v. Overland Corp., 142 F.Supp. 354, 360 (D.Del.1956) (“The one year statute has a comprehensive sweep. It was intended to bar all claims arising out of the employer-employee relationship. The Act bars claims for ^wages’, ‘salary’, and it likewise applies to ‘overtime’ and to any other ‘benefits’ arising from the corporate-officer employment relationship. The word ‘benefits’ is embracing and covers all advantages growing out of the employment.”).
The Eighth Circuit dealt with a similar issue in Adamson v. Armco, 44 F.3d 650 (8th Cir.1995). There, the Court had to choose between Minnesota’s six-year statute of limitations governing general contract disputes and the state’s two-year statute of limitations for wage claims. The Court reasoned that the wage-claim statute of limitations was the most analogous to the appellant’s § 502(a)(1)(B) claim because Minnesota courts had uniformly applied that statute broadly to cover all damages arising out of the employment relationship. See Adamson, 44 F.3d at 652. In support of its conclusion, the Court noted that pre-ERISA case law in Minnesota had applied the two-year statute of limitations to cases of unpaid benefits. See id. (citing Kohout v. Shakopee Foundry Co., 281 Minn. 401, 162 N.W.2d 237 (1968)).
Syed relies primarily on two cases to bolster his argument for application of § 8106: Rich v. Zeneca, Inc., 845 F.Supp. 162 (D.Del.1994) and Shaw v. Aetna Life Insurance Co., 395 A.2d 384 (Del.Super.Ct.1978). Rich held that § 8106 should apply to a claim under ERISA § 510, 29 U.S.C. § 1140, for wrongful termination based on a pension-defeating motive. See Rich, 845 F.Supp. at 166 (citing Goldman v. Braunstein’s, Inc., 240 A.2d 577 (Del.1968)). The Rich Court chose § 8106 rather than § 8111 because the latter applies to claims for breach of a promise to pay something already earned, whereas the former applies to claims for breach of a promise to pay what would have been earned had employment continued. See id. Since Syed’s disability benefits were already “earned” through his period of employment at Hercules, Rich does not support the argument that § 8106 should apply here.
In Shaw, the Delaware Superior Court refused to apply § 8111 where an employee brought an action-under the employer’s voluntary group accident insurance policy. Shaw, 395 A.2d at 385. The employee was injured in a workplace injury which resulted in his permanent and total disability. The employer argued that § 8111 should apply to the claim because coverage under the policy arose out of the employment relationship. See id. at 387 (relying on Mitchell). The Court dismissed defendant’s argument summarily. See id. (“That contention of the defendant is without merit.”). Instead, the Court applied Delaware’s two-year statute of limitations for personal injury claims. DelCode § 8119. It is not immediately clear how Shaw is distinguishable from Syed’s case, and Hercules has not pointed out any meaningful distinction. Nonetheless, because the Shaw Court failed to explain why § 8111 should not apply, we find Mitchell to be more persuasive.
Although Syed’s § 502(a)(1)(B) claim comes within Delaware’s more specific statute of limitations for claims arising out of the employer-employee relationship, that does not conclusively resolve the issue. After all, the selection of an appropriate statute of limitations is a question of federal law. See United Auto. Workers v. Hoosier, 383 U.S. 696, 706, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966).
Generally, we presume that Congress intended courts to apply the most closely analogous state statute of limitations. See DelCostello, 462 U.S. at 158, 103 S.Ct. 2281. This principle rests on the assumption that “Congress would likely intend that courts follow their previous practice of borrowing state statutes.” Id. at 158-59 n. 12, 103 S.Ct. 2281. We remain mindful of the Supreme Court’s warning not to apply *161 state statutes of limitation mechanically since “[s]tate legislatures do not devise their limitations periods with national interests in mind, and it is the duty of the federal courts to assure that the importation of state law will not frustrate or interfere with the implementation of national policies.” Occidental Life Ins. Co. v. EEOC, 432 U.S. 355, 367, 97 S.Ct. 2447, 53 L.Ed.2d 402 (1977). Nonetheless, there is no reason to reject the state statute unless we find it “inconsistent with national labor policy.” Auto Workers, 383 U.S. at 706, 86 S.Ct. 1107.
In this case, we recognize that the one-year statute of limitations of § 8111 is short, but we cannot say that it is inconsistent with the policy of ERISA. We therefore agree with the District Court that Syed’s claim was governed by § 8111 and was thus barred.
We are not persuaded by the arguments advanced by the dissent in support of its position that Syed’s claim for disability benefits is more analogous to an ordinary contract claim, subject to § 8106, than to a claim for “other benefits arising from ... work, labor or personal services,” subject to § 8111. Noting that the Mitchell court described the plan at issue there as providing a “fringe benefit,” the dissent argues that “Syed’s claim ... has little or nothing to do with work or services performed or fringe benefits....,” Dissent at 164, but this is simply not true. First, Syed’s claim was squarely based on his prior employment. In order to qualify under the long term disability plan, he had to be “a regular, full-time non-represented employee of the Company....” Appendix to Answering Brief at B20 (Summary Plan Description). Second, ERISA benefits are often termed “fringe benefits.” See, e.g., Bricklayers and Allied Craftsmen Int’l Union Local S3 Benefit Funds v. America’s Marble Source, Inc., 950 F.2d 114, 118 (3d Cir.1991).[5] We are inclined to agree with the dissent that the one-year limitations period of § 8111 is not optimal, and we also believe that a uniform, national statute of limitations for claims such as Syed’s would be beneficial. But forced to identify the most analogous Delaware statute of limitations, we agree with the District Court that § 8111 is the best fit.[6]

ERISA § 502(c)

Syed urges the Court to impose sanctions on Hercules for failing to provide the Plan document pursuant to a written request. ERISA § 502(c) provides that a plan administrator must comply with a request for information from a plan participant within 30 days or face personal liability, at the Court’s discretion, of $100 a day from the date of the refusal. 29 U.S.C. § 1132(c). The District Court did not abuse its discretion in refusing to order sanctions against Hercules, and we affirm the grant of summary judgment on this issue.
Hercules sent Syed the SPD on March 22, 1995, in response to his February 24, 1995, written request for “a complete copy of LTD Plan document effective as of March 4, 1992.” App. at A28. Syed contends that a different document was in *162 effect at the time he was injured and at the time his benefits were denied. Specifically, he points to the insurance policy used to fund Hercules’s long-term disability plan (LTD). App. at B35-72.
A comparison of the SPD and LTD reveals no material differences between the two documents. Syed complains that he was not able to verify “whether the definition of disability is based on official plan language, SPD language, or some internal policy, written or unwritten.” Appellant’s Br. at 20. This argument lacks merit. For example, the March 31, 1994, letter denying Syed’s benefits, see App. at A6, quotes the definition of total disability found at page 8 of the SPD, see App. at B24. This definition is exactly the same as the definition of total disability found on page 3 of the LTD, see App. at B43, thus belying Syed’s assertion that the two-tier definition of disability did not exist in the SPD, see Appellant’s Br. at 22. The affidavit of Douglas Hill, Director of Employee Benefits for Hercules, makes clear that the document Hercules allegedly refused to send to Syed pursuant to his March 1995 request was, in fact, not executed until October 1995 (although it was effective retroactively to July 1990). Because the SPD and the LTD are identical in all respects material to this dispute, the District Court properly refused to impose sanctions against Hercules under ERISA § 502(c), 29 U.S.C. § 1132(c).

ERISA § 503

ERISA § 503 provides, in pertinent part, that every employee benefit plan shall:
provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant.
29 U.S.C. § 1133(1). Pursuant to this section, the Secretary of Labor has established that written notice of denial of a claim must:
provide to every claimant who has been denied a claim for benefits written notice setting forth in a manner calculated to be understood by the claimant:
(1) The specific reason or reasons for the denial;
(2) Specific reference to pertinent plan provisions on which the denial is based;
(3) A description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary; and
(4) Appropriate information as to the steps to be taken if the participant or beneficiary wishes to submit his or her claim for review.
29 C.F.R. § 2560.503-1®.
We have previously held that § 503 sets forth only the disclosure obligations of “the Plan” and that it does not establish that those obligations are enforceable through the sanctions of § 502(c). See Groves v. Modified Retirement Plan, 80S F.2d 109, 118 (3d Cir. 1986). Where a termination letter does not comply with the statutory and regulatory requirements, the time limits for bringing an administrative appeal are not enforced against the claimant. See Epright v. Environmental Resources Management, Inc. Health and Welfare Plan, 81 F.3d 335, 342 (3d Cir.1996). Thus, the remedy for a violation of § 503 is to remand to the plan administrator so the claimant gets the benefit of a full and fair review. See Weaver v. Phoenix Home Life Mut. Ins. Co., 990 F.2d 154, 159 (4th Cir.1993).
The March 31, 1994, letter from Provident to Syed began with a quotation from the Plan’s definition of total disability. See App. at A6. Next, the letter explained that Syed’s benefits were being terminated because the results of Dr. Jo-son’s independent medical evaluation demonstrated that Syed was no longer totally *163 disabled as the term was defined in the Plan. See App. at A6-7. The letter went on to identify several jobs for which Syed would be qualified given his present physical condition. See App. at A7. Provident stated that Syed could submit a request for reconsideration of the decision, accompanied by documents from Syed’s physician. See id. Lastly, the letter noted that any information to be considered in connection with an appeal would have to be received within 60 days of Syed’s receipt of the letter. See id. In short, Provident fully complied with the statutory and regulatory requirements for notice under ERISA § 503, and Syed has not raised any genuine issue of material fact to the contrary. Accordingly, we affirm the District Court’s grant of summary judgment as to Syed’s claim under ERISA § 503, 29 U.S.C. § 1133.

. This six-month period, known as the "elimination period,” was apparently not imposed by Provident in Syed’s case. He began receiving benefits less than three months after his workplace accident.

. We exercise plenary review over the District Court's choice of the applicable statute of limitations. See Nelson v. County of Allegheny, 60 F.3d 1010, 1013 (3d Cir.1995).

. This provision, which prescribes a four-year limitations period, applies only to claims arising under acts of Congress enacted after December 1, 1990. ERISA was enacted much earlier.

.We have previously suggested in dicta that the New Jersey state statute of limitations for a contract action would apply to claims under ERISA § 502(a)(1)(B), but we have never squarely decided the issue. See Connell v. Trustees of Pension Fund of Ironworkers Dist. Council ofN. New Jersey, 118 F.3d 154, 156 n. 4 (3d Cir.1997).

. We also note that Delaware’s Wage Payment and Collection Act (WPCA), Del.Code Ann. tit. 19, §§ 1101-1115, defines ''benefits" as "compensation for employment other than wages, including, but not limited to, reimbursement for expenses, health, welfare or retirement benefits....” Del.Code Ann. tit. 19, § 1109(b). Although the WPCA does not provide a statutory remedy for the denial of benefits, its definition quite clearly encompasses the disability benefits Syed has sued to recover here.

. In view of the dissent's reference (Dissent footnote 3) to the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 el seq., which has a three-year statute, see 43 Pa. Cons.Stat. Ann. § 260.9a(g), we wish to make it clear that we express no view regarding the statute of limitations that would apply if a claim such as Syed's were brought in Pennsylvania. We note, however, that we have held that some ERISA claims are governed by the WCPL's statute of limitations and others are not. See Gluck v. Unisys Corp., 960 F.2d 1168, 1180-81 (3d Cir.1992).