Robert D. WEAVER; Chad Weaver, Plaintiffs–Appellants,

v.

**PHOENIX HOME LIFE MUTUAL INSURANCE COMPANY, Defendant–Appellee.**

No. 92–1196.

United States Court of Appeals, Fourth Circuit.

Argued June 16, 1992.

Decided April 1, 1993.

---

Mark Andrew Mason, Mason & Robertson, Mount Pleasant, SC, argued for plaintiffs-appellants.

Patricia L. Quentel, Buist, Moore, Smythe & McGee, P.A., Charleston, SC, argued for defendant-appellee.

Before WIDENER and HALL, Circuit Judges, and CHAPMAN, Senior Circuit Judge.

**OPINION**

CHAPMAN, Senior Circuit Judge:

Phoenix Home Life Insurance Company ("Phoenix Home Life") denied a portion of the benefits claimed by Robert Weaver, a participant in an employee benefit plan, and Chad Weaver, his son, also a beneficiary under the plan. On January 22, 1991, the Weavers brought an action against Phoenix Home Life in the Circuit Court for the State of South Carolina, which was subsequently removed to the United States District Court. The complaint alleges, pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq., an improper denial of employee medical benefits and a breach of fiduciary duties in the handling of the Weavers' claim. On cross motions for summary judgment, the Weavers' motion was denied and Phoenix Home Life's motion granted. We find this to be error, and reverse.

**I.**

Robert Weaver, as an employee of Stoller Chemical Company, was insured for full family coverage under a group health insurance policy issued by Phoenix Home Life. Robert Weaver's son, Chad Weaver, became addicted to alcohol while a sophomore at the College of Charleston and on May 16, 1990, was properly admitted to Fenwick Hall Hospital for treatment, a covered expense under the insurance policy. Phoenix Home Life contracted with Cost Care, Inc. ("Cost Care"), an independent, physician-managed, health care utilization review firm, to perform pre-admission review and authorization services. Cost Care determined that hospitalization was required but that a stay of only twelve days at Fenwick Hall was the maximum medically necessary for Chad's recovery. Chad, under the advice of a Fenwick Hall doctor and an independent doctor, stayed for thirty days, eighteen days beyond that authorized by Phoenix Home Life.

The Weavers submitted to Phoenix Home Life a claim for benefits for the full thirty days and limited only by the benefit plan's maximum cap[1] for this type of claim. Thereafter, on June 8, 1990, Stoller Chemical Company, Robert Weaver's employer, sent Phoenix Home Life a letter requesting an "appeal for 100% coverage." On November 9, 1990, however, Phoenix Home Life processed the Weavers' claim for benefits and paid only $5,630.40, that portion representing the twelve authorized days. Three days later, Phoenix Home Life sent an Explanation of Benefits to the Weavers, stating that the coverage for the last eighteen days had been denied because "confinement lasted longer than the time authorized." On December 26, 1990, Phoenix Home Life received a letter, dated December 11, 1990, from Robert Weaver request-

---

**1.** Psychiatric claims are limited to $10,000 under the policy.

ing the medical reasons for limiting coverage to only twelve days at Fenwick Hall. The Weavers claim that they never received an answer. Phoenix Home Life states that it undertook a "re-review/appeal" of the Weavers' claim and, on January 18, 1991, requested Chad's hospital records.

On January 22, 1991, the Weavers brought suit against Phoenix Home Life alleging an improper denial of employee welfare benefits and a breach of fiduciary duties under ERISA. After removal to the United States District Court, each party moved for summary judgment. The district court denied the Weavers' motion and granted Phoenix Home Life's motion. The Weavers appeal both decisions. We hold that Phoenix Home Life improperly denied benefits to the Weavers and reverse the decisions of the district court.

## II.

In reviewing the district court's decisions, we note that "summary judgment is proper when there is no genuine issue of fact as to any material fact and the moving party is entitled to judgment as a matter of law. The facts, and the inferences to be drawn from the facts, must be viewed in the light most favorable to the party opposing the motion." *Ballinger v. North Carolina Agric. Extension Serv.*, 815 F.2d 1001, 1004 (4th Cir.), *cert. denied*, 484 U.S. 897, 108 S.Ct. 232, 98 L.Ed.2d 191 (1987); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

## III.

The Weavers argue that Phoenix Home Life failed to provide the "specific reason" for the claim denial as required by statute and the corresponding regulations. The statute provides in pertinent part:

[E]very employee benefit plan shall—

(1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and

(2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair hearing by the appropriate named fiduciary of the decision denying the claim.

29 U.S.C. § 1133 (1988). Likewise, the corresponding regulation provides in pertinent part:

(f) *Content of notice....* [T]he insurance company ... shall provide to every claimant who is denied a claim for benefits written notice setting forth in a manner calculated to be understood by the claimant:

(1) The specific reason or reasons for the denial....

(g) *Review procedure.* (1) Every plan shall establish and maintain a procedure by which a claimant or his duly authorized representative has a reasonable opportunity to appeal a denied claim to an appropriate named fiduciary or to a person designated by such fiduciary, and under which a full and fair review of the claim and its denial may be obtained....

29 C.F.R. § 2560.503–1(f)(g).

■ These procedural guidelines are at the foundation of ERISA. Congress intended that ERISA provide plan administrators and participants the opportunity and freedom to resolve internal disputes without necessarily having to resort to the expense and delay of the courts. *See Berry v. Ciba–Geigy Corp.*, 761 F.2d 1003, 1007 n. 4 (4th Cir.1985); *Grossmuller v. International Union, United Auto., Aerospace and Agric. Implement Workers of Am.*, 715 F.2d 853, 857 (3d Cir.1983). Given this goal, Congress assured plan participants of procedural fairness, by mandating that plan administrators provide a "full and fair review" of claims and the specific reasons for claim denials. In the words of the Third Circuit, " 'full and fair review' must be construed not only to allow a pension plan's trustees to operate claims procedures without the formality or limitations of adversarial proceedings but also to protect a plan participant from arbitrary or unprincipled decision-making." *Grossmuller*, 715 F.2d at 857. The Weavers main-

tain that this procedural fairness was not afforded them.

■■■ The letter, which Phoenix Home Life sent to the Weavers informing them that their claim was being denied in part, stated that the reason for the denial was that the "hospital confinement commencing 05/16/90 was not authorized." This "reason" is a conclusion and begs the question of why the entire period of confinement commencing 05/16/90 was not authorized. Phoenix Home Life gave no answer to this question, although it did pay for the hospitalization from May 16 to May 25, 1990. An ERISA fiduciary must provide the beneficiary with the *specific reasons* for the denial of benefits.[2] *Makar v. Health Care Corp. of Mid–Atlantic (CareFirst)*, 872 F.2d 80, 83 (4th Cir.1989) (dicta). *Accord VanderKlok v. Provident Life and Accident Ins. Co.*, 956 F.2d 610, 616 (6th Cir. 1992) (denial of claim violated regulations because " 'reason' given for denial is not a reason, but a conclusion"); *Grossmuller*, 715 F.2d at 858; *Wolfe v. J.C. Penney Co.*, 710 F.2d 388, 392 (7th Cir.1983); *Richardson v. Central States, Southeast and Southwest Areas Pension Fund*, 645 F.2d 660, 665 (8th Cir.1981).

■■■ Phoenix Home Life seeks to avoid responsibility by noting that the standards on which Cost Care based its decision and which would provide the specific reasons for the claim denial were unavailable because they were "proprietary interests" of Cost Care. This may be the reason that Phoenix Home Life did not provide the Weavers with specific reasons for denial, but it may not shield Phoenix Home Life from its responsibilities under ERISA.

Congress enacted ERISA to govern employee benefit plans and required communication of the reason for any claim denial to claimants or beneficiaries. Plan administrators may not evade their responsibility under ERISA by contracting to third parties the obligations they have under ERISA. We do not mean to suggest that Phoenix Home Life may not use a service such as Cost Care, or that the court should micromanage Cost Care, but we do require Phoenix Home Life to adhere to and comply with the regulations governing the relationship between itself and the Weavers, who are beneficiaries under an employee benefit plan. In essence, Phoenix Home Life must ascertain, from Cost Care or whatever outside source it may use, the specific reasons for the denial of claimed benefits and provide such reasons to the beneficiary.

■■■ Phoenix Home Life also argues that it is a fiduciary possessing discretionary powers in the interpretation of the plan and in the payment or denial of claims, and its decisions must be upheld absent an abuse of discretion.[3] *See Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). Consequently, Phoenix Home Life claims that it has not abused its discretion in denying the Weaver's claim because Cost Care studied the situation and arrived at a decision to limit benefits for in-hospital care to twelve days. To support its contention, Phoenix Home Life offered an affidavit of the Clinical Director of Cost Care, Sandra H. O'Toole. While we agree that Phoenix Home Life's decisions are subject to the abuse of discretion standard because the plan gave the fiduciary (Phoenix Home

---

**2.** *Dzinglski v. Weirton Steel Corp.*, 875 F.2d 1075 (4th Cir.1989), is not to the contrary. *Dzinglski* involved an employee who was denied early retirement benefits. To participate in the early retirement program, the plan specified that the employee had to satisfy one of several contingencies, including a decision by the employer that early retirement was in its best interests. The employer decided, without offering the specific reasons, that early retirement was not in its best interests, and the plan administrator, therefore, denied benefits. The court held that ERISA did not require the plan administrator to provide the specific reasons for the employer's

decision. However, in *Dzinglski*, unlike here, the plan, which the employee did not allege to be improper, permitted this contingency, the employer's decision that early retirement was not in its best interest, as an adequate reason to deny benefits. No such contingency is present in this plan.

**3.** Weaver argues that *de novo* is the proper standard of review, but on the present facts the result would be the same—Phoenix Home Life must comply with ERISA and give reasons and not conclusions for its denial of claims.

Life) authority "to determine eligibility for benefits or to construe the terms of the Plan," *Firestone,* 489 U.S. at 115, 109 S.Ct. at 956, and such decisions must be affirmed if they are not arbitrary or capricious, Phoenix Home Life misconstrues its responsibilities. It is not for Phoenix Home Life to decide whether to provide participants with specific reasons for claim denials. Assuming that Chad Weaver's stay at Fenwick Hall for longer than twelve days was not medically necessary for some sound reason, upon which Phoenix Home Life relied, it still violated ERISA's explicit procedural guidelines by failing to provide the Weavers with that reason in denying their claim. Therefore, we must reverse the district court's decision which granted summary judgment for Phoenix Home Life.

## IV.

 We also reverse the district court's decision denying the Weavers' motion for summary judgment. Normally, where the plan administrator has failed to comply with ERISA's procedural guidelines and the plaintiff/participant has preserved his objection to the plan administrator's non-compliance, the proper course of action for the court is remand to the plan administrator for a "full and fair review." *See Berry,* 761 F.2d at 1007 n. 4. However, a remand for further action is unnecessary here because the evidence clearly shows that Phoenix Home Life abused its discretion.

 Phoenix Home Life has admitted that it does not know the standards by which the decision to deny the Weavers' claim was made and it has produced no evidence that it even remotely considered any specific reasons in denying the claim. Therefore, the claim denial was an abuse of discretion. Contrary to Phoenix Home Life's contentions, the O'Toole affidavit offers no support. This affidavit is largely inadmissable hearsay, and it consists of

statements by the Clinical Director, who is not a physician, as to the opinions of doctors at Cost Care. The argument by Phoenix Home Life that the affidavit is admissible under the business records exception, Fed.R.Evid. 803(6), is completely meritless. An affidavit prepared for trial is not a record of regularly conducted activity.[4] *See* 4 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Evidence* ¶ 803(6) (1991 & Supp.1992).

The O'Toole affidavit explains only Cost Care's procedures and does not indicate that Phoenix Home Life, rather than Cost Care, based its decision on any specific reasons of which it had knowledge at the time of the decision. It is an abuse of discretion to deny a claim simply because the stay exceeded the time allotted without discovering the underlying reasons, if any existed, which support such time limit. All the needed evidence is before the court, and we dispense with remanding the case to the plan administrator and hold that the district court erred in denying the Weavers summary judgment, because the evidence clearly demonstrates no material question of fact and the Weavers are entitled to judgment as a matter of law. Phoenix Home Life presented nothing to support its denial of benefits except what it said was a "proprietary interest" of its subcontractor Cost Care. This will not do, and it creates no issue of fact.

Therefore, in accordance with the foregoing, we reverse the district court's grant of summary judgment for Phoenix Home Life and denial of summary judgment for the Weavers and remand for the entry of judgment for the plaintiffs and a determination of appropriate attorney's fees and costs.

**REVERSED AND REMANDED.**

---

4. The O'Toole affidavit would be admissible to the extent that the Clinical Director is explaining the procedures and organization of Cost Care. However, such information is irrelevant to whether the Weavers were provided the specific medical reasons for the denial of benefits or to whether any specific reason for the denial of benefits did exist.