67 F.3d 299
 19 Employee Benefits Cas. 2172
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles CLARK, Plaintiff-Appellant,
v.
METROPOLITAN LIFE INSURANCE COMPANY; Victoria's Secret
Stores Inc.; the Limited, Inc., Employee Benefits
Trust; Bank One Trust Company, N.A.,
Defendants-Appellees.
 No. 94-3840.
 United States Court of Appeals, Sixth Circuit.
 Oct. 5, 1995.
 
 Before: MARTIN, Circuit Judge, and CHURCHILL,* District Judge.**
 PER CURIAM.
 
 
 1
 Charles Clark appeals the district court's decision granting summary judgment for the defendants in this Employment Retirement Income Security Act of 1974 ("ERISA") action. 29 U.S.C. Secs. 1001-1461 (1988 & West Supp.1992). Specifically, Clark challenges the decision of Metropolitan Life Insurance Company,[1] the administrator of Victoria's Secret's employee medical benefits plan, denying him coverage for hip surgery on the ground that his medical condition was pre-existing and therefore not covered under the plan. A plan administrator attempting to establish an exclusion from coverage has the burden to establish by a preponderance of the evidence that a covered employee's illness or medical condition is excludable. Farley v. Benefit Trust Life Ins. Co., 979 F.2d 653, 658 (8th Cir.1992) (stating that common law trust principles place the burden on the plan fiduciary to prove exclusions from coverage). Because we believe that the plan administrator did not carry its burden and also did not comply with Section 1133 of ERISA and the regulations thereunder, we REVERSE summary judgment for the defendant and REMAND for a computation of benefits owing to Clark.
 
 
 2
 On February 18, 1991, Clark began his employment with Victoria's Secret Stores, Inc. and the effective date of his coverage under Victoria's Secret's self-funded Medical Benefits Plan was March 20, 1991. On March 25, 1991, Clark was examined for the first time for a complaint relating to his hip area by Dr. Covel. Among the information she recorded in Clark's medical chart was the notation "pain L thigh x 4-5 years." In a letter dated September 16, 1991, Dr. Covel stated that "as far as I am aware" Clark had no prior medical attention for arthritis in his hip. In response to a summary judgment motion, Clark filed an affidavit stating that he was not diagnosed with any condition or disease relating to his hip and did not become symptomatic prior to the effective date of his insurance coverage. In July 1991, Clark had a total replacement of his left hip after receiving a diagnosis of enthesopathy of the hip, traumatic arthropathy and osteoarthritis.
 
 
 3
 Victoria's Secret's Plan is not artfully drafted and contains the following pre-existing condition clause:
 
 
 4
 Expenses incurred as a result of an injury, illness or pregnancy, as diagnosed by a physician or covered provider, which existed prior to the effective date of insurance are not covered by this plan, until twelve months from the effective date of your coverage in the plan, whether the condition was diagnosed before or after the effective date of insurance and whether or not the condition resulted in any symptoms prior to the effective date of insurance.
 
 
 5
 Clark filed a claim for benefits, and submitted to MetLife information from Dr. Covel and his surgeons regarding his hip replacement. Other than the notation concerning Clark's complaint of thigh pain for the past four or five years, the medical information Clark submitted contained no physician statement regarding when his hip conditions began or whether his thigh pain was related to his subsequently diagnosed conditions. On October 21, 1991, he received a letter from Cathy Fontello, Senior Approver of Group Health Claims for Metropolitan Life. The claim was denied because:
 
 
 6
 Based upon the information submitted, conditions of Enthesopahty [sic] of Hip, Traumatic Arthropathy and Osteoarthrosis [sic] existed prior to the effective date of your coverage with Victoria's Secret, therefore, benefits must be denied.
 
 
 7
 The letter also informed Clark that he could request a review of this decision and instructed him how to obtain review. Fontello's letter complied with the requirements of the Plan in all respects but one: it did not give Clark "a description of any additional material or information needed to support the claim and an explanation of why such material or information is necessary."[2]
 
 
 8
 Clark decided not to seek review of Fontello's decision, relying on a Plan provision which states: "If you have a claim for benefits which is denied or ignored, in whole or in part, you may file suit in a state or federal court."[3] Further, Section 6.3 of the Plan, entitled "Effect of Decision" states that "Decisions on claims (where no review is requested) and decisions on review (where review is requested) shall be final and binding on all interested persons absent fraud or arbitrary abuse of the wide discretion granted to the Carrier, the Contract Administrator and the Committee." This provision may be reasonably understood to mean that if a claimant does not request review, then the initial decision on the claim is final. Thus having a final, denied claim, the Plan tells the claimant that he or she may file suit in state or federal court.
 
 
 9
 Based on Fontello's letter denying his claim, Clark filed suit in state court on August 6, 1992, claiming breach of contract, and other state law claims. The defendants removed the case to federal court on the grounds of ERISA preemption. On February 28, 1994, the defendants filed for summary judgment, arguing that they were entitled to exclude pre-existing conditions from coverage under their medical benefits plan and that they were entitled to and did properly determine that Clark's claim should be denied. On July 11, 1994, the district court entered judgment for the defendants, reasoning that the pre-existing condition clause was valid and there was no genuine issue of material fact as to whether Clark's hip condition existed before the effective date of coverage. This timely appeal followed.
 
 
 10
 Clark argues on appeal that MetLife improperly denied his claim as "pre-existing" because there is no evidence that he had a pre-existing hip condition. He asserts that his complaint of thigh pain for the last four or five years is not sufficient for MetLife to deny his claim. He also contends that the Plan's pre-existing condition clause should be modified by this Court because it does not "comport with ERISA" and violates public policy. Victoria's Secret argues that its "pre-existing condition" clause is valid and does not violate public policy. Victoria's Secret also claims that Clark is raising the issue of the "existence" of a pre-existing condition for the first time on appeal. However, Clark presented evidence in the form of information from his treating physicians and his affidavit and did argue that there was no evidence to show that his condition was pre-existing. Finally, Victoria's Secret argues that Clark failed to exhaust his administrative remedies.
 
 
 11
 We need not discuss at length Clark's argument that a pre-existing condition exclusion clause is an invalid provision in an ERISA plan. Such clauses have not yet been declared illegal by Congress and are not against public policy. Neither will we address at length Victoria's Secret's exhaustion argument. The plan provisions set forth in the Handbook at J.A. 82 and in Section 6.3 of the Plan specifically permit a claimant who has been denied benefits to sue in state or federal court.
 
 
 12
 We review the district court's decision granting summary judgment de novo. See Kand Medical, Inc. v. Freund Medical Prod., Inc., 963 F.2d 125, 127 (6th Cir.1992); Street v. J.C. Bradford & Co., 886 F.2d 1472, 1476 (6th Cir.1989). As to our review of the plan administrator's decision to deny benefits under the Plan provisions, the defendants argue that we are limited to determining whether the administrator's decision denying Clark's claim was arbitrary and capricious. However, as the Supreme Court and this Court have stated repeatedly, the highly deferential arbitrary and capricious standard is the exception and not the rule. "Unless the [ERISA] plan grants discretion, the court should review the actions of the administrator de novo." Anderson v. Great West Life Assur. Co., 942 F.2d 392, 395 (6th Cir.1991) (discussing Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 109-113 (1989)). Further, the burden in on the plan administrator to establish that it has discretionary authority in awarding plan benefits and determining exclusions from coverage. Brown v. Ampco-Pittsburgh Corp., 876 F.2d 546, 550 (6th Cir.1990). In reading the Plan documents attached to the defendant's motion for summary judgment, we cannot find the actual grant of the "wide" discretion Victoria's Secret claims the plan administrator enjoys. Section 5.2, entitled "Authority" gives the Administrative Committee the authority to do or delegate any act "including without limitation those matters involving the exercise of discretion." Section 6.3 as described above refers to the "wide discretion granted to the Carrier," but that provision does not actually grant such discretion to the plan administrator. Further, the unsworn declaration[4] of Weber Torres, Director of Human Resources for Victoria's Secret Stores, submitted by Victoria's Secret to show that the "Administrative Committee is vested with discretionary authority to determine eligibility or determine the provisions of the Plans," does not direct our attention to a specific provision granting this discretion. In this case, we cannot confirm that the Plan grants to MetLife the discretion it claims. Therefore, we review the administrator's decision to deny Clark's claim de novo.[5] Id. (stating that absent a clear grant of discretion, this Court reviews de novo ).
 
 
 13
 Section 1133 of ERISA requires that every employee benefit plan shall give adequate notice in writing when benefits are denied under a plan governed by ERISA. Further, 29 C.F.R. Sec. 2560.503-1(f)(1) requires that "[t]he specific reason or reasons for the denial" must be given. Section 1133 has been interpreted to require that "a specific reason or reasons" for denial be given. The statute requires that a claimant be given more than conclusory statements. In Weaver v. Phoenix Home Life Mut. Ins. Co., 990 F.2d 154 (4th Cir.1993), the claimant's son was hospitalized for treatment of his alcohol addiction for thirty days. The plan administrator denied a health benefits claim on the ground that "the hospital confinement commencing 5/16/90 was not authorized." The Fourth Circuit stated that this was a conclusory statement that begged the question of why the entire hospitalization period was not authorized. Id. at 158. The Court held that this type of conclusory statement did not provide a specific reason for the denial as required under Section 1133. Id. at 159. Similarly, in VanderKlok v. Provident Life and Acc. Ins. Co., 956 F.2d 610 (6th Cir.1992), this Court held that a letter denying disability benefits to a claimant did not comply with Section 1133 because it stated that
 
 
 14
 the claim does not qualify under the total and permanent disability benefits provision of the policy, because the proof submitted does not establish that the insured is totally and permanent disabled from all work for the remainder of his life.
 
 
 15
 Id. at 616. This Court stated that this denial letter was defective because it failed to give a specific reason or reasons for the denial, and also did not refer to the plan provision under which benefits were denied. See also Brumm v. Bert Bell NFL Retirement Plan, 995 F.2d 1433, 1437 (8th Cir.1993) (stating that "bald-faced conclusions do not satisfy the [Section 1133 requirement that specific reasons be given] (citation omitted).
 
 
 16
 MetLife was required by statute and regulations to give Clark a specific reason or reasons as to why it considered his condition of enthesopathy of the hip, traumatic arthropathy and osteoarthritis to be pre-existing. 29 U.S.C. Sec. 1133 and 29 C.F.R. Sec. 2560.503-1(f). Fontello's letter restated the medical names for Clark's hip conditions and then drew the conclusion that they were pre-existing. The conclusion that his conditions were pre-existing is not a reason why MetLife believes they were pre-existing. Here, the medical evidence submitted shows that not one of Clark's treating physicians made a statement regarding the approximate date of onset of Clark's so-called "pre-existing" conditions. We must assume from the record presented that Fontello, a layperson, arrived at the medical conclusion that Clark's conditions existed prior to the effective date of coverage in the complete absence of such a conclusion by Clark's treating physicians. More to the point, even if Fontello were qualified to draw such a medical conclusion, she did not give Clark specific reasons in writing as to why she believed his conditions were pre-existing.
 
 
 17
 In summary, the employer was attempting to exclude from coverage; it therefore had the burden to prove the pre-existence of Clark's hip conditions. It did not. It failed in its written explanations. Fontello's purely conclusory letter, an unsworn statement from an employee, and Dr. Covel's inconclusive reference to Clark's history of thigh pain are insufficient to prove by a preponderance that he had a pre-existing condition. The employer, having thus failed to carry its burden to establish the applicability of the exclusion, is required to pay all of the medical expenses of the employee relating to his hip surgery.
 
 
 18
 Based on the foregoing, we REVERSE the judgment and REMAND for a computation of benefits owed to Clark.
 
 
 
 *
 The Honorable James P. Churchill, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 **
 The third member of the panel, The Honorable Richard F. Suhrheinrich, Judge of the United States Court of Appeals for the Sixth Circuit, fell ill as the panel prepared to hear oral argument. The decision in this case was rendered by a majority of the panel pursuant to 28 U.S.C. Sec. 46 (1988); Sixth Circuit Rule 3(a); see also Murray v. National Broadcasting Co. Inc., 35 F.3d 45 (2d Cir.1994) (reasoning that 28 U.S.C. Sec. 46 was not intended by Congress to preclude disposition of a case by a panel of two judges in the event one panel member becomes unable to participate)
 
 
 [1]
 Metropolitan Life Insurance Company has been voluntarily dismissed as a party on appeal
 
 
 [2]
 J.A. at 54. The Court assumes that this is a "Claim Not Under Policies," since, as the parties agree, Victoria's Secret maintains a self-funded plan and does not have a policy with MetLife or any other insurer to provide plan benefits
 
 
 [3]
 This language appears in the Victoria's Secret Full-Time Associate Handbook's summary description of the Plan. J.A. at 82. Victoria's Secret does not assert that the Handbook language differs from the actual Plan documents language
 
 
 [4]
 While the declaration is not an affidavit, 28 U.S.C. Sec. 1746 (1988) permits an unsworn declaration that is nonetheless affirmed under penalty of perjury, like this one, to be relied on as if it were an affidavit; however, this is a procedure that is not widely endorsed
 
 
 [5]
 Even under an arbitrary and capricious standard, the Plan administrator did not comply with the requirements of 29 U.S.C. Sec. 1133 and accompanying regulations, and did not provide Clark with an explanation of what additional information or material was needed to support his claim and an explanation of why such material would be necessary, as required by the terms of the Plan. See Weaver v. Phoenix Home Life Mut. Ins. Co., 990 F.2d 154, 159 (4th Cir.1993) (stating that plan administrator does not have discretion to decide not to comply with Section 1133)