TRAXLER, Circuit Judge,
concurring in part and dissenting in part:
I agree with the majority’s determination that the district court erred in upholding the denial of ERISA benefits based upon a reason LINA first raised before the district court. Plan administrators must set forth the specific reasons for denial “in a manner calculated to be understood by the participant” and provide for a “full and fair review” of any such denial. 29 U.S.C.A § 1133 (West 1999); 29 C.F.R. § 2560.503-l(g) (2001); Weaver v. Phoenix Home Life Mut. Ins. Co., 990 F.2d 154, 157 (4th Cir.1993). “These procedural guidelines are at the foundation of ERISA,” Weaver, 990 F.2d at 157, and it was error for the district court to affirm the LINA’s denial on a basis never advanced by LINA before the administrator.
I respectfully dissent, however, from the majority’s decision to remand this case for the entry of judgment for Thompson. I believe the proper remedy in these circumstances is to remand to the district court with directions that the case be returned to the plan administrator for a full and fair review of Thompson’s claim for disability benefits caused by his chronic obstructive pulmonary disease. See Weaver, 990 F.2d at 159 (noting that “where the plan administrator has failed to comply with ERISA’s procedural guidelines and the plaintiff/participant has preserved his objection to the plan administrator’s noncompliance, the proper course of action for the court is remand to the plan administrator for a ‘full and fair review.’ ”); Berry v. Cibar-Geigy Corp., 761 F.2d 1003, 1007 n. 4 (4th Cir.1985) (also noting propriety of remand in such circumstances because “[t]he question of eligibility must be resolved by the plan in the first instance, not the court.”) (internal quotation marks omitted).
Finally, because I would hold that the plan administrator failed to comply with ERISA’s procedural guidelines and, therefore, that remand is necessary, I find it unnecessary to resolve in this proceeding the thorny question of whether the “due proof’ provision in Thompson’s policy is sufficient to confer discretionary authority upon LINA or whether we would ultimately review a properly-issued decision under a de novo standard of review.