Penny KISTLER, an individual,
Plaintiff–Appellee,

v.

FINANCIAL AMERICAN GROUP LONG TERM DISABILITY PLAN, Defendant–Appellant.

Penny Kistler, an individual,
Plaintiff–Appellant,

v.

Financial American Group Long Term Disability Plan, Defendant–Appellee.

Penny Kistler, an individual,
Plaintiff–Appellant,

v.

American Financial Group Long Term Disability Plan, Defendant–Appellee.

Nos. 00–55694, 00–55775, 00–55956.
D.C. No. SA–CV–98–1074–DOC (EEx).

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 4, 2002.

Decided May 15, 2002.

Before FERNANDEZ and RAWLINSON, Circuit Judges, and REED,* District Judge.

MEMORANDUM **

Penny Kistler ("Kistler") appeals the district court's order remanding her claim

to MetLife and the denial of attorney's fees. American Financial Group Long Term Disability Plan appeals the district court's determination that its plan administrator, MetLife, abused its discretion when it denied Kistler's benefits, and the remand to MetLife to consider the evidence it had about Kistler's claim that she suffers from Hashimoto's Thyroiditis. We have jurisdiction over this appeal. *See Hensley v. Northwest Permanente P.C. Retirement Plan & Trust,* 258 F.3d 986 (9th Cir.2001); *Snow v. Standard Ins. Co.,* 87 F.3d 327, 331–32 (9th Cir.1996). We review the determination of the plan administrator to determine whether the decision was an abuse of discretion. *Atwood v. Newmont Gold Co. Inc.,* 45 F.3d 1317, 1323–24 (9th Cir.1995).

■ Department of Labor regulations specifically state that the plan administrator must consider the evidence presented by the parties before reaching its decision. 29 C.F.R. § 2560.503–1(b)(1) (incorporating section (h) into all reviews, therefore the review must "take[ ] into account all comments, documents, records, and other information submitted by the claimant. . . ."); *see also Halpin v. W.W. Grainger, Inc.,* 962 F.2d 685, 689 (7th Cir. 1992) (stating that one of the requirements is having the "decision-maker consider the evidence presented by both parties prior to reaching and rendering his decision"); *Sage v. Automation Inc. Pension Plan & Trust,* 845 F.2d 885, 893–94 (10th Cir.1988) (same); *Grossmuller v. International Union,* 715 F.2d 853, 858 n. 5 (3rd Cir.1983) (same).

When MetLife made its determination about Kistler's appeal it had information that indicated Kistler had Hashimoto's

---

* The Honorable Edward C. Reed, Jr., Senior United States District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Thyroiditis. MetLife did not evaluate this information when it considered Kistler's claim. MetLife breached its fiduciary duties when it failed to consider the evidence about Hashimoto's Thyroiditis.

*Regula v. Delta Family–Care Disability Survivorship Plan,* 266 F.3d 1130 (9th Cir. 2001), does not affect our decision. In this case the issue is not the weight given to the Dr. Long's letter, but the fact that MetLife never evaluated the information in the letter.

The district court correctly remanded the case to the Plan administrator to consider the evidence of Hashimoto's Thyroiditis. *See Saffle v. Sierra Pac. Power Co. Bargaining Unit Long Term Disability Income Plan,* 85 F.3d 455, 461 (9th Cir. 1996); *see also Levinson v. Reliance Standard Life Ins. Co.,* 245 F.3d 1321, 1329–30 (11th Cir.2001); *Jett v. Blue Cross & Blue Shield of Alabama, Inc.,* 890 F.2d 1137, 1140 (11th Cir.1989); *Zervos v. Verizon New York, Inc.,* 277 F.3d 635, 650 (2d Cir.2002); *Weaver v. Phoenix Home Life Mutual Ins. Co.,* 990 F.2d 154, 159 (4th Cir.1993)("Normally where the plan administrator has . . . failed to comply with ERISA's procedural guidelines. . . the proper course of action for the court is remand. . . .")

■ We review a district court's decision not to award attorney's fees for abuse of discretion. *Associated General Contractors v. Smith,* 74 F.3d 926, 931 (9th Cir.1996). The district court did not abuse its discretion when it denied attorney's fees at this stage of the litigation. Kistler may make a request for fees at a later time if she ultimately prevails on her benefit award. *See Saffle,* 85 F.3d at 461.

**AFFIRMED**

REED, District Judge, concurring in part and dissenting in part.

I concur in the memorandum disposition of the court, except that I respectfully dissent with respect to the decision as to attorney's fees. I agree that we review a district court's decision not to award attorney's fees for abuse of discretion.

With regard to attorney's fees in the ERISA context, "[a]s a general rule, ERISA employee plaintiffs should be entitled to a reasonable attorney's fee if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Smith v. CMTA–IAM Pension Trust,* 746 F.2d 587, 589 (9th Cir.1984) (quotations omitted).

The district court vindicated Kistler's right to have MetLife discharge its fiduciary duties properly. Accordingly, Kistler is entitled to interim attorney's fees.

*McClure v. Life Ins. Co. of North America,* 84 F.3d 1129, 1136 (9th Cir.1996), relied upon by the district court, does not apply in this case. Although Kistler did not establish her rights to benefits, she did demonstrate that MetLife violated ERISA. Therefore, Kistler would be entitled to an award of attorney's fees unless some "special circumstances would make an award unjust." *Barnes,* 64 F.3d at 1397. I would remand to the district court to make its determination of an attorney's fee award on this basis.